**Louella COATES, et al.**

v.

**AC & S, INC., et al.**

**No. 90–1448.**

United States District Court,
E.D. Louisiana.

Nov. 27, 1990.

Louis Leo Robein, Jr., Robert H. Urann, Magdalen C. Blessey, Gardner, Robein & Urann, Metairie, La., for plaintiff.

Michael T. Cali, Darryl J. Foster, Lemle & Kelleher, New Orleans, La., for Owens–Corning Fiberglas Corp.

Maria I. O'Byrne Stephenson, Marie I. Patino–Caro, Catherine Chavarri, Lisa C. Matthews, New Orleans, La., for Rock Wool Mfg. Co.

Richard L. Forman, Walter G. Watkins, Jr., Fred Krutz, III, Ronald D. Collins, Daniel J. Mulholland, Curtis E. Presley, III, John D. Cosmich, Forman, Perry, Watkins & Krutz, Jackson, Miss., for Owens–Illinois, Inc., Keene Corp.

Francis P. Accardo, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for Celotex Corp.

Forrest Ren Wilkes, Thomas L. Kirkland, Jr., David A. Barfield, Peggy C. Newton, Kirkland, Barfield & Panter, Jackson, Miss., Geoffrey P. Snodgrass, J. Warren Gardner, Jr., Christovich & Kearney, New Orleans, La., for AC & S, Inc.

Anthony J. Staines, Kaye N. Courington, Ellefson, Pulver & Staines, Metairie, La., for Eagle–Picher Industries, Inc.

Robert E. Kerrigan, Jr., A. Wendel Stout, III, Ethel H. Cohen, Marc J. Yellin, Barbara L. Arras, Janet L. MacDonell, Jude D. Bourque, Ronald L. Courtade, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., for Armstrong World Industries, Inc., GAF Corp., Keene Corp., Turner & Newall, PLC

Thomas M. Bergstedt, Bergstedt & Mount, Lake Charles, La., for Owens–Illinois, Inc., Keene Corp., H K Porter Co., Inc.

Jacob D. Landry, Blue, Williams & Buckley, Metairie, La., for The Flintkote Co.

James S. Thompson, Pamela A. Schmitt, Porteous, Hainkel, Johnson & Sarpy, New Orleans, La., for Fibreboard Corp., Pittsburgh Corning Corp.

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the motion of plaintiff to compel discovery of experts consulted by defendants. The motion, set for hearing on November 21, 1990, was taken on briefs without oral argument.

Pursuant to this Court's Order in *Jesclard v. Babcock & Wilcox*, the parties have filed with the Court the names of all experts to whom they had submitted tissue samples. Plaintiff in this matter, Charles Coates, recently died, allegedly of peritoneal mesothelioma. After his death, tissue samples were taken and sent to both plaintiff's and defendants' experts. Defendants have sent the samples to certain experts whom they have designated pursuant to Rule 26(b)(4)(B) as experts who have been retained in anticipation of litigation but who will not testify at trial. Plaintiff now seeks to depose these experts or to obtain copies of any written reports including the results of all tests made and all conclusions of these experts.

■ Defendants oppose this motion on the grounds that Rule 26(b)(4)(B) does not permit the discovery of the opinions of experts who will not be called to testify at trial. The Rule provides:

A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts of opinions on the same subject by other means.

Fed.R.Civ.Pro. 26(b)(4)(B). Rule 35(b) provides in relevant part:

If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requestor a copy of a detailed written report of the examining physician or psychologist setting out the physician's findings, including results of all tests made,

diagnoses and conclusions, together with like reports of all earlier examinations of the same condition. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition. . . .

Fed.R.Civ.Pro. 35(b). The Court finds that the exceptional circumstances contemplated by Rule 26(b)(4)(B) are present in this situation. Moreover, the Court finds that a pathologist's or other expert's examination of tissue samples taken from the body of a person who is now deceased is sufficiently analogous to an examination under Rule 35(b) so that all parties have a right to the type of information set forth in that rule.

The Court issued its original ruling on August 8, 1990, in an effort to curtail the "shopping" of tissue samples by requiring all parties to file into the record the names and addresses of all persons or entities to whom such tissue samples were sent. In that order, the Court stated that it "was of the opinion that without this Order, there is the possibility of "shopping" of tissue samples and this creates an "exceptional circumstance." The Court is still of the opinion that "shopping" continues to take place and that such "shopping" is sufficient to fall within the Rule's exceptional circumstances exception.

Defendants oppose the instant motion and make much of their "right" to determine their trial strategy, arguing that allowing plaintiffs to depose or to obtain the written reports of experts who will not be called at trial will significantly undermine this "right." Defendants have apparently forgotten, however, that the goal of litigation is not for the side with the best strategy to win; rather the goal should be to seek the ultimate truth at issue in the matter. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Defendants contend that the fact that they may send tissue samples to more than one doctor does not necessarily mean shopping for a favorable opinion, but only dem-

onstrates the difficulty of making a definitive diagnosis of mesothelioma. If not for this order, both sides may continue to seek for an expert who can render a definitive diagnosis favorable to their position in the case, and at trial, then, it would appear to the jury that the experts in support of each side's position are divided evenly. Those experienced in litigation know that for the most part experts, if they can in good conscience, tend to testify favorably for those who employ them. In my experience I have never known a party to call an expert it knows would testify contrary to its interests. The reality of the situation is that if a number of other experts have been consulted herein, but who could not make a definitive diagnosis, and these experts are not called as witnesses, then the jury could be mislead regarding the truth of plaintiff's condition. Considering the difficulty in diagnosing mesothelioma, the fact finder is entitled to know the extent of any disagreement of those whom a plaintiff or defendant employed, unless we adopt the theory that in a civil case, as part of its trial tactics, a party has the right to suppress the truth. Absent this Order, it is impracticable for either side to obtain this information by other means, and it thus falls within the exceptional circumstances contemplated by Rule 26(b)(4)(B).[1]

Rule 35(b), while not directly on point, is sufficiently analogous to provide support for the Court's decision to permit the discovery sought. In *In re Certain Asbestos Cases*, 112 F.R.D. 427 (N.D.Tex. 1986), the defendants sought an order permitting an autopsy "for the purpose of determining the exact cause of death." *Id.* at 429. The defendants also requested that the court regulate the taking and preserving of tissue samples. In that case, the court held that Rule 35(a) permitted the autopsy upon a showing that the physical condition of the party was at issue and there was good cause shown for the examination. The court also noted that "[i]t would be incongruous to terminate at death the search for the true state of a person's

physical condition when the precise controversy is his condition at death." *Id.* at 433. In the instant matter, the tissue samples have already been taken, the only question is how many doctors or other experts will examine them and whether they must disclose their findings. It is clear that if an autopsy had been performed in this matter pursuant to Rule 35(a), then under Rule 35(b), each doctor so participating would be required to disclose his conclusions. The Court finds no logical distinction between that result and the one plaintiffs seek. The fact that discovery in this matter is conducted by the sending of tissue samples rather than by autopsy should not dictate whether the findings of the doctors participating should be revealed. Accordingly,

IT IS ORDERED that when any party sends a tissue sample to any expert for review, then any other party may discover the result of that review, including obtaining any written report, diagnosis, or test result, or may take the deposition of such expert upon payment of his time and expenses when deposed and if he is not to be called as a witness at trial, also upon payment of his fee and expenses in connection with the preparation of his report.

---

1. The Court has considered appointing an additional expert pursuant to Rule 706 of the Federal Rules of Evidence and charging his expenses

and costs, but feels that the approach herein obviates the necessity of such an appointment.